UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AARYANA MALCOM, et al.,

      Petitioners,

v.                           **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 20-2503 (MJD/LIB)

M. STARR, et al.,

      Respondents.

---

Teresa Nelson, Isabella Salomão Nascimento, Ian Bratlie, and Clare Diegel, American Civil Liberties Union of Minnesota, and Wallace G. Hilke, Jonathan M. Bye, and Leita Walker, Ballard Spahr LLP, Counsel for Petitioners.

Erin M. Secord and Ann M. Bildtsen, Assistant United States Attorneys, Counsel for Respondents.

## I.    INTRODUCTION

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated January 15, 2021 [Docket No. 85]. Petitioners filed objections to the Report and Recommendation. Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). The Court has considered the entire record, including Petitioners' recently filed Reply in

support of their habeas petition. Based upon that review, the Court adopts Sections I, II, III, IV(A)-(B), V, and VI of the Report and Recommendation. The Court declines to adopt Section IV(C) because, without subject matter jurisdiction, the Court cannot reach the merits of Petitioners' claims.

## II.   BACKGROUND

The factual background and procedural history of this case is accurately set forth in the Report and Recommendation. The Court notes these additional relevant facts have occurred since the Report and Recommendation was issued:

On January 19, 2021, Petitioners Kristina Bohnenkamp and Cassandra Kasowksi were granted clemency by President Trump and were released from FCI Waseca on January 20. (Third Cummins Decl. ¶ 3.) Therefore, their claims are moot.

Four Petitioners were among 100 FCI Waseca inmates inoculated with the first dose of the Moderna COVID-19 vaccine during the week of January 19, 2021. (Third Cummins Decl. ¶ 5.) Two additional Petitioners were offered the first dose of the Moderna COVID-19 vaccine during the week of January 19 and refused to be inoculated. (Third Cummins Decl. ¶ 5.) Thus, only six Petitioners remain in custody at FCI Waseca, who are unvaccinated and have not yet had

the opportunity to be vaccinated.  (Id.)  As of February 11, FCI Waseca had three inmate cases of COVID-19 and no staff cases.  (Id. ¶ 4.)

## III.   DISCUSSION

### A.   Legal Standard

Pursuant to 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by the Supreme Court . . . the district courts and any circuit judge within their respective jurisdictions."  "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated."  Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).  "[H]abeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy."  Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) (citation omitted).

> The essence of habeas corpus is an attack by a person in custody upon the legality of that custody.  If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (citations omitted).

"Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his [] custody, the district court lacks the power or subject matter jurisdiction to issue a writ."  Id.

## B.   Whether a Petition for Writ of Habeas Corpus Can Be Combined with a Civil Complaint

The Report and Recommendation stated that, based on Petitioners' initial filing, they appeared to be attempting to raise both habeas and civil claims in the same action and noted that litigants cannot raise civil conditions-of-confinement claims and habeas release claims in the same action. (R&R at 5.) The Report and Recommendation then noted that, during oral argument, Petitioners clarified that they were only asserting a habeas petition seeking habeas release, so it proceeded to address their motion through the habeas lens. (Id.) The Court adopts the reasoning found in the Report and Recommendation.

Petitioners now argue that their initial filing document should be construed as a combination of a class-action petition for writ of habeas corpus seeking immediate release from custody due to violations of Petitioners' rights under the Eighth Amendment and the Rehabilitation Act and also as a class-action civil complaint seeking declaratory and prospective injunctive relief based on violations of Petitioners' rights under the Eighth Amendment, the Rehabilitation Act, and the Administrative Procedure Act ("APA").

The Court holds that Petitioners cannot pursue a combined § 2241 petition and civil complaint in this matter. As many other cases from this District have

4

noted, habeas petitions and civil complaints have different and incompatible rules regarding service of process, discovery, and even filing fees.  See, e.g., Smith v. Fikes, No. 20-CV-1294 (JRT/TNL), 2020 WL 6947848, at *1 (D. Minn. Oct. 12, 2020) (Leung, M.J.), report and recommendation adopted, No. CV 20-1294 (JRT/TNL), 2020 WL 6947433 (D. Minn. Nov. 25, 2020) (Tunheim, C.J.).  Most significantly, civil complaints filed by prisoners, unlike habeas petitions, are subject to the Prison Litigation Reform Act ("PLRA"), which sets forth wholly different rules and procedures that would apply to Petitioners' claims.  For example, Petitioners seek release from prison based on the threat from COVID-19 based on overcrowding.  The PLRA requires a special three-judge panel to be requested and convened to decide whether prisoners should be released from prison based on illegal conditions of confinement caused by overcrowding.  See 18 U.S.C. § 3626(a)(3).  The PLRA also requires that there be evidence of a prior court order with less intrusive relief that failed to remedy the deprivation of the federal right sought to be remedied after the prison defendants had a reasonable amount of time to comply.  Id. § 3626(a)(3)(A).  Additionally, the only proper respondent to a prisoner § 2241 habeas petition is the warden of the BOP facility where the prisoner is being held.  See, e.g., Payen v. Jett, 610 F. App'x 594 (8th

5

Cir. 2015); Simon v. L. LaRiva, No. 16CV00146ADMTNL, 2016 WL 1626819, at *3 (D. Minn. Mar. 10, 2016), report and recommendation adopted, No. CV 16-146 ADM/TNL, 2016 WL 1610603 (D. Minn. Apr. 21, 2016).  Here, Petitioners brought suit not only against the warden, M. Starr,  but also Michael Carvajal, the Director of the Bureau of Prisons and have emphasized the importance of the BOP as a defendant in their case.  (See, e.g., [Docket No. 89] Jan 6, 2021 Transcript ("Tr.") 16.)

The Court rejects Petitioners' request to stay the civil portion of their lawsuit while they pursue their habeas claim.  The cases upon which they rely are inapposite, involving pro se state prisoners seeking restoration of good time credit and money damages for denial of their good time credits who had failed to exhaust state remedies and faced a statute of limitations issue if their § 1983 claims were dismissed rather than stayed while they pursued exhaustion of state remedies.  See Jones v. Smith, 835 F.2d 175, 175 (8th Cir. 1987); Offet v. Solem, 823 F.2d 1256, 1261 (8th Cir. 1987).  Petitioners face no statute of limitations issues, are represented by able counsel, and have no state remedies to exhaust.  Most importantly, the civil relief Petitioners seek, such as release based on prison conditions, require compliance with special PLRA procedures, such as a three-

judge panel.  See 18 U.S.C. § 3626(a)(3).  These claims cannot be combined into a § 2241 habeas petition that is decided by a single judge with entirely different procedural requirements.

## C.    Section 2241 Jurisdiction

Having established that Petitioners solely seek relief through a § 2241 habeas petition, the Court holds that it does not have jurisdiction to address their claims.

The Eighth Circuit holds that a prisoner may not assert a constitutional claim relating "to the conditions of his confinement" in a "habeas petition." Spencer v. Haynes, 774 F.3d 467, 470 (8th Cir. 2014).  See also id. at 470, 471 n.6 (noting that there is a circuit split on this issue and that the Eighth Circuit holds that conditions of confinement claims are not cognizable in a habeas petition). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (internal citations omitted).  When a prisoner files a "document [that] alleges that prisoners at the institution where he is confined have been made subject to unsafe living conditions, and he seeks relief on that basis," that document is appropriately categorized as a civil complaint rather than a habeas petition.

Smith v. Fikes, No. 20-CV-1294 (JRT/TNL), 2020 WL 6947848, at *1 (D. Minn. Oct. 12, 2020), report and recommendation adopted, No. CV 20-1294 (JRT/TNL), 2020 WL 6947433 (D. Minn. Nov. 25, 2020).  See also, e.g., Hallinan v. Scarantino, 466 F. Supp. 3d 587, 601-04 (E.D.N.C. 2020) (holding that when "Petitioners' substantive legal claim is that respondents violated the Eighth Amendment to the United States Constitution by failing to adequately protect against the spread of coronavirus at FCC-Butner" and there is "no set of conditions [that] can remedy the alleged constitutional violations," the claim is not cognizable in a § 2241 proceeding because the petitioners are challenging their conditions of confinement as opposed to the fact or length of their sentences based on "the validity of their sentences or convictions, or the FBOP's administrative calculation of their release dates" and holding that the PLRA applies to prisoner claims for injunctive relief, including release, based on Eighth Amendment violations).

If Petitioners seek release or another remedy based on their conditions of confinement, they must bring a civil rights complaint, which will be governed by the PLRA.  Unlike in the civil detainee cases cited by Petitioners, Petitioners have a legal avenue available to pursue their conditions of confinement claims and

requests for injunctive relief.  See 18 U.S.C. § 3626; Raz v. Lee, 343 F.3d 936, 938 (8th Cir. 2003) (holding that "section 702 of the Administrative Procedure Act (APA) expressly waives sovereign immunity as to any action for nonmonetary relief brought against the United States") (citing 5 U.S.C. § 702); Taylor v. Rice, No. CIV. 10-4746 SRN/JJG, 2012 WL 246014, at *7 (D. Minn. Jan. 6, 2012), report and recommendation adopted, No. CIV. 10-4746 SRN/JJG, 2012 WL 246038 (D. Minn. Jan. 25, 2012) (holding that federal prisoner may bring a claim for injunctive relief against BOP officials in their official capacities for ongoing violations of the Eighth Amendment based on sovereign immunity waiver in APA).

The PLRA explicitly provides a vehicle for prisoners seeking release from custody based on illegal conditions of confinement caused by overcrowding.  See 18 U.S.C. § 3626.  This is the relief Petitioners request here – release from BOP custody because, they claim, there are no conditions that would make custody at FCI Waseca legal under the Eighth Amendment and Rehabilitation Act due to crowding of prisoners.  As the Supreme Court has held: "The authority to order release of prisoners as a remedy to cure a systemic violation of the Eighth Amendment is a power reserved to a three-judge district court, not a single-

judge district court." Brown v. Plata, 563 U.S. 493, 500 (2011) (citing 18 U.S.C. § 3626(a)).

Because Petitioners have asserted a § 2241 habeas petition and none of their claims are cognizable under § 2241, the Court denies the motion for a temporary restraining order and dismisses their Petition without prejudice.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** Sections I, II, III, IV(A)-(B), V, and VI of the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated January 15, 2021 [Docket No. 85].  The Court declines to adopt Section IV(C) because, without subject matter jurisdiction, the Court cannot reach the merits of Petitioners' claims.

2. Petitioners' Motion for Temporary Restraining Order [Docket No. 6] is **DENIED**.

3. The Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 11, 2021               s/Michael J. Davis                        
                                     Michael J. Davis
                                     United States District Court